Argued and submitted June 1, reversed and remanded with instructions
June 22, 1994

# In the Matter of the Adoption of
# Baby A and Baby B, Minors.

## J. F., C. F., T. C. and D. C.
### *Appellants.*

(93C-33419; CA A83037)

877 P2d 107

Russell Lipetzky argued the cause and filed the brief for appellants.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this adoption case, the prospective adoptive parents and the birth mother and her husband appeal the trial court's refusal to grant the petition for adoption. On *de novo* review, we reverse.

The birth mother entered into a surrogate agreement with adoptive parents, in which she agreed to be artificially inseminated with adoptive father's sperm. The artificial insemination was successful and she gave birth to twins. The birth mother was paid $14,000, which exceeded her pregnancy related expenses. Birth mother and her husband gave their consent to the adoption. There is no objection to the adoption petition. The report prepared for Children's Services Division concluded that the adoption was in the children's best interests. Nonetheless, the trial court denied the petition, relying on *Franklin v. Biggs*, 14 Or App 450, 513 P2d 1216, *rev den* (1973). It concluded that the payment of money to birth mother makes her consent involuntary and invalidates her consent to the adoption.

We conclude that neither the adoption statutes nor *Franklin v. Biggs, supra*, preclude this adoption. ORS 109.350 provides that the court shall order an adoption if, among other things, "it is fit and proper that such adoption be effected * * *." ORS 109.311(1) provides that each adoption petition

> "shall be accompanied by a written disclosure statement containing an itemized accounting of all moneys paid or estimated to be paid by the petitioner for fees, costs and expenses related to the adoption, including all legal, medical, living and travel expenses."

The petition in this case did that. ORS 109.311(3) provides that no fee may be paid or accepted for locating a child for adoption or for locating another person to adopt a child, except that reasonable fees may be charged for services provided by licensed adoption agencies. There was no fee paid in this case for locating the children or any other party to the adoption. Therefore, the statute does not prohibit the court from granting this adoption.

The trial court's reliance on *Franklin v. Biggs, supra*, is misplaced. In that case, the mother gave birth to

twins. Thereafter, she gave her consent to their adoption by third parties. She was paid $200 shortly after she released the twins to the adoptive parents. She later sought to withdraw her consent. We said that she could withdraw her consent, because the payment of money "vitiates any consent * * *." 14 Or App at 461.

This case is factually distinguishable. Although the surrogate agreement provided that the birth mother would be paid money in addition to her medical expenses, the evidence was that she would have entered into the agreement even without the payment of money. Further, the birth mother does not seek to withdraw her consent, and in fact continues to assert strongly her desire to have the twins adopted by the adoptive parents. "The primary purpose of adoption proceedings is the promotion and protection of a child's best interests." *P and P v. Children's Services Division*, 66 Or App 66, 72, 673 P2d 864 (1983). All parties, as well as the investigating agency, agree that the adoption is in the children's best interest. There is nothing in the adoption statutes that prohibits this adoption, and we conclude that the trial court should have granted the petition.

Reversed and remanded with instructions to grant petition for adoption.